## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIBBITZ, INC.,                ) | |
|                       ) | |
|         Plaintiff,        ) | |
|                       ) | |
|       v.                 ) | Civil Action No.: 1:23-cv-12209 |
|                       ) | |
| DOLCAN, INC.,          ) | **DEMAND FOR JURY TRIAL** |
|                       ) | |
|         Defendant.      ) | |
|                       ) | |
|                       ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Jibbitz, Inc. ("Jibbitz" or "Plaintiff") hereby alleges the following in support of its claims against Dolcan, Inc. ("Dolcan" or "Defendant"):

### NATURE OF THE ACTION

2.     Crocs, Inc. ("Crocs"), the parent company of plaintiff Jibbitz, Inc., is a widely recognized, world-wide manufacturer, distributer, and retailer of molded footwear.  To protect its distinctive footwear from unfair competition, Crocs and Jibbitz have invested heavily in intellectual property rights, including patents that protect the design and functional features of Crocs footwear.  These patents also protect innovative Jibbitz® shoe charms used with footwear. The Jibbitz® shoe charms have revolutionized apparel customizability, allowing customers to individually customize their shoes, accessories, and other wearable items.  In recognition of Jibbitz's innovation, the United States Patent and Trademark Office has issued to Jibbitz U.S. Patent Nos. 7,698,836 ("'836 Patent") (Ex. A),  8,122,519 ("'519 Patent") (Ex. B), and 8,782,814 ("'814 Patent") (Ex. C) (collectively, the "Jibbitz Patents").  Rather than compete fairly with Jibbitz, Defendant Dolcan has sought to capitalize on the success of Jibbitz's innovations by marketing imitation charms (the "Accused Charms"), including those shown in

Exhibits D, E, and F, that are used in combination with molded shoes to infringe the Jibbitz Patents.

## PARTIES

3.     Plaintiff Jibbitz, Inc. is a Colorado corporation, with a principal place of business at 13601 Via Varra, Broomfield, Colorado, 80020.  Jibbitz is a wholly-owned subsidiary of Crocs, Inc.

4.     Upon information and belief, Defendant Dolcan, Inc. is a Massachusetts domestic profit corporation with a principal place of business at 120 VFW Parkway in Revere, Massachusetts, 02151.  Upon information and belief, Mr. Suleyman Ozgan is the president and a director of Dolcan.  Upon information and belief, other directors and/or employees of Dolcan include Bekir Senates and Selman Cayhan.  Dolcan has marketed the Accused Charms at multiple mall kiosks throughout the United States, including in Massachusetts.

## JURISDICTION AND VENUE

5.     This case arises under the patent laws of the United States of America, 35 U.S.C. §§ 100, *et seq*.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Dolcan because (on information and belief) Dolcan is a domestic profit corporation registered with the State of Massachusetts.  Bekir Senates, identified as the treasurer and director of Dolcan, is the registered Massachusetts agent of Dolcan, with an address of 120 VFW Parkway in Revere, MA, 02151.

7.     Venue is proper over this civil action within the District of Massachusetts because Dolcan is a domestic profit corporation registered with the State of Massachusetts.  Dolcan thus "resides" in the State of Massachusetts under 28 U.S.C. § 1400(b).

## FACTS COMMON TO ALL COUNTS OF INFRINGEMENT

8.      At least as early as 2003, Crocs launched the marketing and distribution of its original clog style footwear in the United States.  The unique characteristics of Crocs' footwear enabled Crocs to offer consumers a shoe unlike any other footwear available at the time.

9.      In 2005, Jibbitz began manufacturing and selling the Jibbitz® shoe charms. Recognizing the innovative design of Jibbitz® shoe charms and the market potential, Crocs acquired Jibbitz and its intellectual property in 2006.  The acquisition included the family of pending patent applications that gave rise to the asserted Jibbitz Patents.  The Jibbitz® shoe charms allowed customers to customize their footwear products and other wearable items to their personal taste.  Jibbitz® shoe charms are now sold through a wide range of distribution channels, including department stores, specialty footwear stores, sporting goods stores, and outdoor retailers.  Jibbitz® shoe charms are also sold through a variety of specialty channels, including gift shops, uniform suppliers, independent bicycle dealers, specialty food retailers, and health and beauty stores.  In addition, Jibbitz® shoe charms are sold on Crocs websites (e.g., www.crocs.com) as well as at Crocs stores throughout the United States.  In recognition of the innovative shoe accessorizing systems developed by Jibbitz, the United States Patent and Trademark Office issued the Jibbitz Patents.

10.      Jibbitz welcomes fair competition.  But Dolcan has not sought to fairly compete with Jibbitz.  Dolcan has instead wrongly sought to capitalize on the success of the Jibbitz innovation by directly and indirectly infringing the Jibbitz Patents.  Jibbitz first learned of Dolcan and its infringing activity in the first half of 2022, when Crocs employees began reporting that imitation charms ("Accused Charms") were being sold in kiosks at various malls throughout the United States.  Upon investigating these reports, Jibbitz learned that Dolcan was

selling the Accused Charms with the express purpose that customers integrate them with molded shoes to infringe the Jibbitz Patents.  The Dolcan kiosks include marketing displays with the Accused Charms integrated with molded shoes in a manner that infringes the Jibbitz Patents.

11.     For example, Dolcan maintains a kiosk in the South Shore Plaza in Braintree, Massachusetts.  The Accused Charms are marketed for sale here under "Charming Charms" branding as pictured in the following photographs:

 

12.     Accused Charms integrated with molded shoes were also on display:



13.     Dolcan operates additional kiosks, selling and marketing the Accused Charms for integration with Crocs and other molded shoes throughout the country.[1]

14.     As explained in more detail in paragraphs 20-41, the kiosk marketing displays of the Accused Charms integrated with molded shoes are acts of infringing "uses" under 35 U.S.C. § 271(a) that directly infringe each Jibbitz Patent.  Jibbitz is also informed and believes that Dolcan demonstrates the Accused Charms during the sales process by demonstrating how the Accused Charms can be integrated within the holes of molded shoes.  These acts of

---

[1] Crocs has identified Dolcan kiosks located at malls in at least Braintree, Massachusetts, Saugus, Massachusetts, and Nashua, New Hampshire.

demonstration also amount to infringing "uses" under 35 U.S.C. § 271(a) that directly infringe the Jibbitz Patents.

15.     Dolcan has also actively induced customers to infringe the Jibbitz Patents under 35 U.S.C. § 271(b).  In particular, Dolcan displays Accused Charms integrated with molded shoes, as seen in the photographs above, with the express purpose of encouraging customers to purchase and integrate the Accused Charms with molded shoes to directly infringe the Jibbitz Patents.  On information and belief, Dolcan's paid employees provide verbal and physical instructions to customers, instructing them how to integrate the Accused Charms with molded shoes.  These intentional acts induce direct infringement by customers because such customers integrate the Accused Charms with molded shoes in a manner the infringes the Jibbitz Patents.

16.     Dolcan received actual notice of the Jibbitz Patents and its infringing conduct based on communications with Crocs and Jibbitz.  For example, at least as early as May 6, 2022, counsel for Jibbitz sent multiple letters to Dolcan notifying Dolcan that the Accused Charms sold at Dolcan kiosks infringe Jibbitz's intellectual property rights under 35 U.S.C. § 271.  Jibbitz attached to that correspondence the Jibbitz Patents that it now asserts in this Complaint.  As a result, Dolcan has been on notice of its infringing conduct since at least May 6, 2022.  Nonetheless, Dolcan still offers for sale the Accused Charms in the United States and still encourages customers to infringe the Jibbitz Patents as described throughout the Complaint and in Exhibits D, E, and F.

17.     Dolcan has also committed acts of contributory infringement under 35 U.S.C. § 271(c).  The Accused Charms are especially made or adapted so that customers integrate them with molded shoes in a manner that infringes the Jibbitz Patents.  The Accused Charms are not staple articles or commodities of commerce suitable for substantial non-infringing use because

the Accused Charms have unique features made for integration with molded shoes and wearable items.  They have no other known commercial purpose or value.  As explained above, Dolcan has also offered the Accused Charms with knowledge or willful blindness that customers will use them to infringe the Jibbitz Patents.

18.     Dolcan also receives further notice of the Jibbitz Patents and its ongoing direct and indirect infringement upon service of this Complaint.

19.     Dolcan's acts of infringement have resulted in Jibbitz suffering damages, including lost revenue, lost sales, lost profits, and irreparable harm.

## CLAIM FOR RELIEF—COUNT ONE
## Infringement of U.S. Patent No. 7,698,836

20.     Jibbitz hereby incorporates each of the preceding paragraphs as if fully set forth herein.

21.     On April 20, 2010 the U.S. Patent and Trademark Office issued U.S. Patent No. 7,698,836, titled "System and Method for Securing Accessories to Clothing," with Jibbitz, LLC as the assignee.[2]  Jibbitz, Inc. is the sole owner of the '836 Patent, which is a valid patent.  A true and correct copy of the '836 Patent is attached hereto as Exhibit A.

22.     As described above in Paragraphs 1-19, Dolcan has directly infringed the '836 Patent under §271(a) by displaying (i.e., using) the Accused Charms with molded shoes at its kiosks for marketing purposes, as well as making the claimed systems with the Accused Charms and molded shoes.  Dolcan has thus directly infringed at least Claim 26 of the '836 Patent.  Claim 26 recites "[a] system for securing a decorative accessory, the system comprising: a shoe

---

[2] On January 24, 2022, Jibbitz, LLC filed a Certificate of Conversion with the Colorado Secretary of State in which Jibbitz, LLC converted from a limited liability company to a corporation and changed its name to Jibbitz, Inc.  The Colorado Secretary of State issued a Certificate of Fact of Good Standing for Jibbitz, Inc. on January 24, 2022.

having at least one expandable hole in an upper portion of the shoe; a shaft having first and second ends; a first shoulder secured to the first end of the shaft, the first shoulder being configured for insertion through one of the at least one expandable hole and configured to engage an inner surface of the upper portion of the shoe, the first shoulder being larger in diameter than the expandable hole through which it is inserted when that expandable hole is in its unexpanded state; and a second shoulder secured to the second end of the shaft, the second shoulder being configured to engage an outer surface of the upper portion of the shoe, the second shoulder comprising the decorative accessory."

23.    When an Accused Charm is integrated with a molded shoe, the resulting system satisfies all elements (and thus infringes) Claim 26.  A photographic example of the Accused Charms integrated with a molded shoe follows, taken from a display at a Dolcan kiosk at the South Shore Plaza in Braintree, Massachusetts:



24.     Exhibit D is a claim chart that provides further detail and photographic evidence showing at least one example of how the Accused Charms infringe at least Claim 26 of the '836 Patent.

25.     As explained in Paragraphs 8-19 above, Dolcan has also induced infringement of and contributorily infringed the '836 Patent under §§ 271(b)-(c).  In particular, Dolcan sells the Accused Charms at mall kiosks around the country for customer integration with molded shoes in a system that directly infringes Claim 26 as depicted in Exhibit D, despite knowledge (or willful blindness) of the fact that such integration infringes the '836 Patent.  And the Accused Charms are especially made or adapted to infringe the '836 Patent, are not staple articles of commerce, and have no substantial non-infringing uses.  These facts show active inducement infringement and contributory infringement.

26.     Dolcan's infringement is willful because Dolcan has directly and indirectly infringed the '836 Patent despite knowledge (or willful blindness) of the facts underlying the infringement.

27.     As a result of the infringement, Jibbitz has suffered and will continue to suffer money damages, loss of revenue, lost sales, loss of profits, and irreparable harm.

## CLAIM FOR RELIEF – COUNT TWO
## Infringement of U.S. Patent No. 8,122,519

28.     Jibbitz hereby incorporates each of the preceding paragraphs as if fully set forth herein.

29.     Jibbitz is the owner of U.S. Patent No. 8,122,519, titled "System and Method for Securing Accessories to Wearable Items," which was duly and legally issued by the U.S. Patent and Trademark Office on February 28, 2012.  Jibbitz, Inc. is the sole owner of the '519 Patent, which is a valid patent.  A true and correct copy of the '519 Patent is attached hereto as Exhibit B.

30.     As described above in Paragraphs 8-19, Dolcan has directly infringed the '519 Patent under § 271(a) by displaying (i.e., using) the Accused Charms with molded shoes at its kiosks for marketing purposes, as well as making the claimed systems with the Accused Charms and molded shoes.  Dolcan has thus directly infringed at least Claim 27.  Claim 27 recites "[a] system for attaching a decorative accessory to a wearable item, the system comprising: a wearable item having at least one expandable hole, the at least one expandable hole formed of a moldable foam material in a molded portion of the wearable item; a shaft having first and second ends; a first shoulder secured to the first end of the shaft, the first shoulder being configured for insertion through one of the at least one expandable hole and configured to engage an inner surface of the wearable item, the first shoulder being larger in diameter than the expandable hole

through which it is inserted when the expandable hole is in its unexpanded state; and second shoulder secured to the second end of the shaft, the second shoulder being configured to engage an outer surface of the wearable item, the second shoulder comprising the decorative accessory."

31.     When an Accused Charm is integrated with a molded shoe, the resulting system satisfies all elements of (and thus infringes) Claim 27.  A photographic example of the Accused Charms integrated with a molded shoe follows, taken from a display at a Dolcan kiosk at the South Shore Plaza in Braintree, Massachusetts:



32.     Exhibit E is a claim chart that provides additional detail and photographic evidence showing at least one example of how the Accused Charms infringe at least Claim 27 of the '519 Patent.

33.     As explained above in Paragraphs 8-19, Dolcan has also induced infringement and contributed to customer infringement of the '519 Patent under §§ 271(b)-(c).  In particular, Dolcan sells the Accused Charms at mall kiosks around the country for customer integration with molded shoes in a system that directly infringes Claim 27 as depicted in Exhibit E, despite knowledge (or willful blindness) of the fact that such integration infringes the '519 Patent.  The Accused Charms are especially made or adapted to infringe the '519 Patent, are not staple articles of commerce, and have no substantial non-infringing uses.  These facts show active inducement infringement and contributory infringement.

34.     Dolcan's infringement is willful because Dolcan has directly and indirectly infringed the '519 Patent despite knowledge (or willful blindness) of the facts underlying the infringement.

35.     As a result of the infringement, Jibbitz has suffered and will continue to suffer money damages, lost revenue, lost sales, loss of profits, and irreparable harm.

## CLAIM FOR RELIEF – COUNT THREE
## Infringement of U.S. Patent No. 8,782,814

36.     Jibbitz hereby incorporates each of the preceding paragraphs as if fully set forth herein.

37.     Jibbitz is the owner of U.S. Patent No. 8,782,814, titled "System and Method for Securing Accessories to Clothing," which was duly and legally issued by the U.S. Patent and Trademark Office on July 22, 2014.  Jibbitz, Inc. is the sole owner of the '814 Patent, which is a valid patent.  A true and correct copy of the '814 Patent is attached hereto as Exhibit C.

38.     As explained above in paragraphs 8-19, Dolcan has directly infringed the '814 Patent under § 271(a) by displaying (i.e., using) the Accused Charms with molded shoes at its kiosks for marketing purposes, as well as making the claimed systems with the Accused Charms

and molded shoes.  Dolcan has thus directly infringed at least Claim 16.  Claim 16 recites "[a] system for securing a decorative accessory, the system comprising: an article of clothing having an exterior surface, an interior surface and at least one expandable hole formed in a molded portion of the article of clothing, the expandable hole extending between and through the exterior surface and the interior surface of the article of clothing; a shaft having first and second ends; a first shoulder secured to the first end of the shaft, the first shoulder being configured for insertion through one of the at least one expandable hole and configured to engage the interior surface of the article of clothing, the first shoulder being larger in diameter than the expandable hole through which it is inserted when the expandable hole is in its unexpanded state; and a second shoulder secured to the second end of the shaft, the second shoulder being configured to engage the exterior surface of the article of clothing, the second shoulder comprising the decorative accessory."

39.    When an Accused Charm is integrated with a molded shoe, the resulting system satisfies all elements of (and thus infringes) Claim 16.  A photographic example of the Accused Charms integrated with a molded shoe follows, taken from a display at a Dolcan kiosk at the South Shore Plaza in Braintree, Massachusetts:



40.     Exhibit F is a claim chart that provides additional detail and photographic evidence showing at least one example of how the Accused Charms infringe at least Claim 16 of the '814 Patent.

41.     As explained above in Paragraphs 8-19, Dolcan has also induced infringement and contributed to customer infringement of the '814 Patent under §§ 271(b)-(c).  In particular, Dolcan sells the Accused Charms at mall kiosks around the country for customer integration with molded shoes in a system that directly infringes Claim 16 as depicted in Exhibit F, despite knowledge (or willful blindness) of the fact that such integration infringes the '814 Patent.  The Accused Charms are also especially made or adapted to infringe the '814 Patent, are not staple

articles of commerce, and have no substantial non-infringing uses.  These facts show active inducement infringement and contributory infringement.

42.     Dolcan's infringement is willful because Dolcan has directly and indirectly infringed the '814 Patent despite knowledge (or willful blindness) of the facts underlying the infringement.

43.     As a result of the infringement, Jibbitz has suffered and will continue to suffer money damages, lost revenue, lost sales, loss of profits, and irreparable harm.

### PRAYER FOR RELIEF

WHEREFORE, Jibbitz asks that this Court grant the following relief:

(a)     A permanent injunction restraining Dolcan, its officers, agents, servants, employees, attorneys, and those persons acting in concert with Dolcan from making, using, offering to sell, selling, distributing, and/or importing shoe charms that infringe Jibbitz's rights in the '836, '519 and/or '814 Patents, and from inducing and contributing to the infringement of the '836, '519 and/or '814 Patents;

(b)     An order that Dolcan be required at the conclusion of this proceeding to destroy any and all remaining shoe charms and shoes or wearable items in its possession that the Court finds to violate Jibbitz's rights;

(c)     An award of damages, including lost profits and a reasonable royalty;

(d)     Exemplary damages in the amount up to three times actual damages as provided for Dolcan's willful actions in violation of Jibbitz's intellectual property rights pursuant to 35 U.S.C. § 284;

(e)     An award of attorney's fees and costs pursuant to federal law under 35 U.S.C. § 285; and

(f)      Such further equitable and legal relief and damages as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 26ᵗʰ day of September, 2023.

Dated:  September 26, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ *Jason H. Liss*

OF COUNSEL:

Jason H. Liss
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Jason.Liss@wilmerhale.com

*Attorneys for Plaintiff Jibbitz, Inc.*

Benjamin S. Fernandez  (*pro hac vice* forthcoming)
Sydney Donovan (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 17ᵗʰ Street, Suite 2600
Denver, Colorado 80202
Tel: (720) 274-3135
Ben.Fendandez@wilmerhale.com
Sydney.Donovan@wilmerhale.com

Jeffrey A. Dennhardt (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Jeffrey.Dennhardt@wilmerhale.com

Mitch Santos (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
Mitch.Santos@wilmerhale.com